IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR358 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JACYNDA J. LECH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's objections (Filing No. 73, 79) to the order of Magistrate Judge F.A. Gossett (Filing No. 71) denying the Defendant's motion to determine mental competency (Filing No. 23).

Under 28 U.S.C. § 636(b)(1)(A) and NECrimR 59.2, the Court has reviewed the order from which this appeal has been taken. A district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

The Defendant, Jacynda J. Lech, objects to Judge Gossett's: 1) finding that she is competent; 2) finding that the government's expert, Dr. Ryan Nybo, was more credible than the Defendant's expert, Dr. Kirk Newring; 3) "undue emphasis" upon Lech's earned high school diploma and certification as a certified nursing assistant; and 4) refusal to consider the testimony of the Defendant's lay witnesses.

*Experts*

The Court agrees that Dr. Nybo, the government's expert, is more credible than Dr. Newring, the defense expert. Dr. Nybo evaluated and observed Lech within the Bureau of Prisons for an extended period of time. He was able to listen to her telephone calls with the defense's investigator, an opportunity that gave him considerable insight into her ability

to understand the nature of the charges against her and her ability to assist in her defense. He is experienced with matters of mental competency within the Bureau of Prisons. He testified persuasively as to why he chose the full Wechsler intelligence test as opposed to the shorter version used by the defense expert.

Dr. Newring testified that he has only performed between six to eight other mental competency examinations, and Lech's was his first federal mental competency evaluation. He has no first-hand knowledge of the Bureau of Prisons generally or with respect to testing and programming in the field of mental competency. His evaluation of Lech was limited in comparison to Dr. Nybo's extended opportunities.

Primarily for these reasons, the Court agrees with Judge Gossett's credibility assessment.

### *Emphasis on Educational Achievements*

The Court disagrees with the argument that Judge Gossett placed undue emphasis on Lech's receipt of her high school diploma and her status as a certified nursing assistant. These achievements are objective measurements of academic abilities that relate to cognitive matters. The objection is denied.

### *Lay Witnesses*

The defense has not provided on-point legal authority in support of its objection to Judge Gossett's decision not to consider the testimony of various lay witnesses. The Court is unable to find such authority. The objection is denied.

*Competency*

Lech's objection to Judge Gossett's finding of competency is based on the matters discussed above. For the reasons discussed above, this Court agrees with Judge Gossett's finding that Lech is competent to "understand the nature and consequences of the proceedings against her" and "to assist properly in her defense." (Filing No. 71, at 1.) In summary, Judge Gossett's order is not clearly erroneous nor contrary to law.

IT IS ORDERED:

1. The Defendant's objections to the Magistrate Judge's order (Filing Nos. 73, 79) are denied; and

2. The Magistrate Judge's order (Filing No. 71) denying the Defendant's motion to determine mental competency (Filing No. 23) is affirmed.

DATED this 27th day of June, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge